UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sally D. Villaverde,<br><br>    Petitioner<br><br>v.<br><br>William Hutching,<br><br>    Respondent | Case No.: 2:22-cv-01111-JAD-NJK<br><br>**Order Dismissing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Closing Case**<br><br>[ECF No. 1-1] |

    Pro se petitioner Sally D. Villaverde filed this petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Villaverde applied to proceed *in forma pauperis*,[2] but I denied the motion and instructed him to pay the $5.00 filing fee.[3] Villaverde timely complied.[4] But on initial review under the Habeas Rules,[5] I find that Villaverde's petition was filed under the wrong statutory section, so I dismiss his petition without prejudice.

## Background[6]

    On June 10, 2004, the state district court entered a judgment of conviction, following a jury trial, convicting Villaverde of burglary, first-degree murder with the use of a deadly

---

[1] ECF No. 1-1.

[2] ECF No. 3.

[3] ECF No. 5.

[4] ECF No. 6.

[5] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[6] The procedural history in this section is derived from Villaverde's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County ("state district court") and previously filed habeas petitions in this court. I take judicial notice of the online docket records of this court as well as the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us.

weapon, and robbery with use of a deadly weapon. The state district sentenced Villaverde to 22-to-96 months for the burglary conviction, life without the possibility of parole for the first-degree murder conviction plus an equal and consecutive term for the use of a deadly weapon, and 35-to-156 months for the robbery conviction plus an equal and consecutive term for the use of a deadly weapon. The Nevada Supreme Court affirmed Villaverde's convictions and later affirmed the denial of his state post-conviction petition. Villaverde filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court, and that petition, which was assigned case number 3:10-cv-00347-MMD-WGC, was denied on March 28, 2016. Villaverde appealed, and the Ninth Circuit Court of Appeals denied a certificate of appealability. The United States Supreme Court denied Villaverde's petition for writ of certiorari. In 2019, Villaverde unsuccessfully sought leave from the Ninth Circuit to file a second or successive 28 U.S.C. § 2254 habeas corpus petition.

On May 19, 2021, Villaverde moved for the state district court to amend his judgment of conviction. The state district court granted the motion and filed an amended judgment of conviction on June 14, 2021. The amended judgment of conviction ordered that Villaverde be given 469 days of credit for time served.

On August 27, 2021, Villaverde filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court, challenging the June 14, 2021, amended judgment of conviction, and that petition was assigned case number 2:21-cv-01595-GMN-BNW. This court appointed counsel for Villaverde, and counsel filed an amended petition. Respondents currently have a deadline of September 26, 2022, to respond to the amended petition.

While case number 2:21-cv-01595-GMN-BNW has been pending in this court, Villaverde filed a new state post-conviction petition, assigned case number A-18-780041-W,

challenging the amended judgment of conviction. The state district court denied the petition, and the Nevada Court of Appeals affirmed the denial in case number 84026-COA. One month after the affirmation, Villaverde filed the instant 28 U.S.C. § 2241 petition.

## Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[7] or plagued by procedural defects.[8] Here, Villaverde's petition is plagued by procedural defects. Villaverde is in custody under an amended state court judgment of conviction, so the only appropriate statutory section for him to pursue his claims is 28 U.S.C. § 2254, not 28 U.S.C. § 2241.[9]

Villaverde has also moved to consolidate this case with case number 2:21-cv-01595-GMN-BNW, arguing that his instant case presents new, exhausted claims challenging the same June 14, 2021, amended judgment of conviction that is also challenged in case number 2:21-cv-01595-GMN-BNW.[10] However, rather than granting Villaverde leave to file an amended petition on the proper § 2254 form in this case, it appears that Villaverde should seek leave to file a second amended petition in case number 2:21-cv-01595-GMN-BNW in order to include his new, exhausted claims.

---

[7] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).
[8] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).
[9] *White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).
[10] ECF No. 4.

**Conclusion**

IT IS THEREFORE ORDERED that Villaverde's petition for writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 1-1] is DISMISSED without prejudice**, and his motion to consolidate appeals **[ECF No. 4] is DENIED as moot**. And because jurists of reason would not find dismissal of the petition to be debatable or wrong, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **FILE** the petition for writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 1-1]**.

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office of the petition [ECF No. 1-1], this order, and all other filings in this matter. No response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　U.S. District Judge Jennifer A. Dorsey
　　　　　　　　　　　　　　　　　August 31, 2022